UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| DR. LARRY CUNNINGHAM,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID W. BLACKWELL, *et al.*,<br><br>    Defendants. | Civil No. 3:20-cv-00008-GFVT-EBA<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Dr. Larry Cunningham's Motion for Remand. [R. 134.] He asks the Court to return the case to the Franklin County Circuit Court for the State of Kentucky. *Id.* After the Sixth Circuit Court of Appeals held that qualified immunity bars Dr. Cunningham's federal claims, only state law claims remain before the Court. [*See* R. 129-1.] Prominent among these, Dr. Cunningham asserts breach of contract claims against the University of Kentucky. [R. 1-2 at 39.] The Commonwealth of Kentucky waives its sovereign immunity as to these claims, but it requires plaintiffs to sue in Franklin Circuit Court. Ky. Rev. Stat. Ann. § 45A.245 (LexisNexis 2023). For this reason, Dr. Cunningham believes that remand is appropriate. [R. 134 at 2.] In opposition, the remaining Defendants ask the Court to exercise its discretion to keep the case in the interest of judicial economy. [R. 135 at 2; R. 137 at 3.] Because the parties have expended significant resources to develop a thorough record before this Court, Dr. Cunningham's Motion **[R. 134]** is **DENIED**.

**I**

The University of Kentucky employed Dr. Larry Cunningham as both a medical doctor and a licensed oral surgeon from 2001 through July of 2019. [R. 63-4.] After University officials accused him of fraud, UK suspended Dr. Cunningham from treating patients at the faculty clinic, which limited his income. *Id.* at 21, 23. Shortly after UK began the termination process, Dr. Cunningham resigned. *Id.* at 29. Dr. Cunningham sued the University and several officials for violations of due process, First Amendment retaliation, defamation, breach of contract, violations of Kentucky's Whistleblower Act, and violations of Kentucky wage and hour law in Franklin County Circuit Court. [R. 1-2.]

After the case was removed, this Court reviewed cross-motions for summary judgment filed by UK and by Dr. Cunningham. [R. 63; R. 92.] Additionally, Dr. Stephanos Kyrkanides, a defendant and former Dean of UK's College of Dentistry, moved for summary judgment as to the claims brought against him. [R. 67.] The Court granted and denied in part all three motions. [R. 118; R. 119.]

As to the federal claims, Dr. Cunningham's procedural due process claim survived summary judgment, despite an invocation of qualified immunity by the UK administrators, Dr. Blackwell, Dr. Holloway, and Mr. Thro. [R. 118 at 11, 38.] The Court also rejected as a matter of law Dr. Cunningham's substantive due process claim and his free speech claims. *Id.* at 28, 33. The officials appealed. [R. 129-1 at 6.] The Sixth Circuit affirmed the Court's decision to reject Dr. Cunningham's substantive due process and free speech claims. *Id.* at 18. However, because the Sixth Circuit found that the officials did not violate a clearly established law, the Sixth Circuit reversed the Court and held that the officials are entitled to qualified immunity on Dr.

Cunningham's procedural due process claim. *Id.* at 6. In sum, all of Dr. Cunningham's federal claims are no longer viable.

Several of his state claims remain. The Court denied summary judgment to both parties on Dr. Cunningham's breach of contract claim because a genuine issue of fact exists as to the meaning of a term in the contract. [R. 118 at 19.] A portion of Dr. Cunningham's statutory wage and hour claim survived summary judgment motions filed by UK and by Dr. Kyrkanides. [R. 118 at 20; R. 119 at 11.] Finally, Dr. Cunningham's defamation claims against Dr. Blackwell and Dr. Kyrkanides remains alive.[1] [R. 118 at 35; R. 119 at 14.] UK has asked the Court to reconsider its decision on the defamation claim against Dr. Blackwell. [R. 138.] And Dr. Kyrkanides has asked the Court to reconsider its decision to allow the state wage claim and the defamation claim to move forward. [R. 143.]

Meanwhile, Dr. Cunningham filed the instant motion for remand. [R. 134.] The matter is now fully briefed and ripe for review.

## II

All the remaining parties agree that the Court has discretion to either remand or keep this litigation. [R. 134 at 2 (Dr. Cunningham); R. 135 at 2 (Dr. Kyrkanides); R. 137 at 3 (Dr. Blackwell and UK).] Only state law claims remain before the Court. The Commonwealth of Kentucky waives its sovereign immunity as to contract claims like these. Ky. Rev. Stat. Ann. § 45A.245 (LexisNexis 2023). Accordingly, Dr. Cunningham urges the Court to consider the Commonwealth's interest in proceeding in its forum of choice, Franklin Circuit Court. [R. 134 at 2.] Dr. Kyrkanides, Dr. Blackwell, and UK disagree and claim that the interests of judicial economy and fairness tip the scales in favor of remaining in federal court. [R. 135 at 3; R. 137 at

---

[1] The Court granted summary judgment for the Defendants on Dr. Cunningham's whistleblower claim. [R. 118 at 30.]

3

2.] Because the parties have incurred significant expenses to develop this case here, the Court will not remand the matter to Franklin Circuit Court.

In any civil action for which it has original jurisdiction, a federal district court may exercise supplemental jurisdiction over claims that form part of the same case or controversy as the claims within its original jurisdiction under Article III of the United States Constitution. 28 U.S.C. § 1367(a). A claim forms part of the same case or controversy under Article III if it shares a common nucleus of operative facts with a claim that invokes the Court's original jurisdiction. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). But a federal court is not always required to exercise supplemental jurisdiction. *Id.* at 726. Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *Id.*

Generally, a court should decline to exercise supplemental jurisdiction "if the federal claims are dismissed before trial . . . ." *Id.*; *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992). This rule is not mandatory. *Taylor*, 973 F.2d at 1287 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). If the court could exercise supplemental jurisdiction when the case was removed to federal court, then subject matter jurisdiction is no longer at issue. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). Rather, the Supreme Court has simply recognized that "when 'all federal claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Taylor*, 973 F.2d at 1287 (quoting *Carnegie-Mellon*, 484 U.S. at 350 n.7).

In this scenario, a district court must balance competing interests to determine whether to decide a remaining state claim on the merits. *Id.* (citing *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991)). "[A] judge must take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Horton v. City of Detroit*, No. 19-13702,

4

2020 U.S. Dist. LEXIS 113, at *3 (E.D. Mich. Jan. 2, 2020) (quoting *Senra v. Smithfield*, 715 F.3d 34, 41 (1st Cir. 2013)).  The length of time the parties have spent litigating the case before the court, the breadth of discovery compiled into the record, and whether thoroughly briefed motions remain before the court are factors that impact judicial economy.  *See Taylor*, 973 F.2d at 1288.  However, the desire to avoid inefficient litigation must be balanced against "needlessly deciding state law issues."  *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).  Retention is particularly appropriate where resolution of a state law claim will turn on predicate factual findings that are substantially similar to those involved in the federal claims.  *See Aschinger*, 934 F.2d at 1412–13 (both claims turned on breach of a fiduciary duty and the materiality of a fact); *Province v. Cleveland Press Pub. Co.*, 787 F.2d 1047, 1055 (6th Cir. 1986) (both claims turned on "whether defendants had the intent to interfere with plaintiffs' Job Security Agreement.").

      Here, the federal and most of the state court claims depend on a matter of contract interpretation and a finding of breach.  For example, Dr. Cunningham's breach of contract claim and his state wage and hour claim both involve his eligibility to treat clinic patients through UK's Dental Services Plan.  [*See* R. 118 at 15, 20.]  The Court considered a closely related issue during summary judgment.  There, Dr. Cunningham's procedural due process claim turned, in part, on whether his contract created a property interest in his eligibility to treat clinic patients.  *Id.* at 13. Part of that evaluation involved the rights created under Dr. Cunningham's contract.  *Id.* Accordingly, the Court is familiar with the facts needed to make findings on Dr. Cunningham's remaining claims.

      Moreover, the parties have expended significant resources to develop the record before the Court.  As Dr. Kyrkanides points out, this case has been on the Court's docket for over two

5

years, during which time the parties compiled a voluminous record through discovery. [R. 135 at 2–3.] As UK indicates, the Court has invested significant time in reviewing that record to narrow the remaining issues for trial. [R. 137 at 4.]

Against this, Dr. Cunningham primarily relies on the Commonwealth of Kentucky's decision to abdicate its sovereign immunity against breach of contract claims only for actions brought in Franklin Circuit Court. [R. 134 at 2]; Ky. Rev. Stat. Ann. § 45A.245 (LexisNexis 2023). Dr. Cunningham argues that this limitation on venue gives Franklin Circuit judges expertise over state contract claims. [R. 134 at 2.] As UK notes, Dr. Cunningham's interest in these judges' expertise neither motivated him to seek severance of his contract claims from his federal claims nor prevented him from asking this Court for summary judgment on his contract claims. [R. 135 at 5.] Significantly, the UK defendants, who are the parties whose liability would affect the Commonwealth, oppose remand. *See id.*

On balance, the judicial economy concerns outweigh any interest in comity. This Court has benefited from extensive work by the parties to develop the remaining claims. And the remaining issues are substantially similar to matters that the Court has already resolved. The Court will exercise its discretion to keep this litigation.

### III

Accordingly, for these reasons and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Plaintiff Larry Cunningham's Motion to Remand **[R. 134]** is **DENIED**.

This the 8th day of May 2023.

Gregory F. Van Tatenhove
United States District Judge